# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2021

Lyle W. Cayce
Clerk

No. 20-60175
Summary Calendar

Leticia Villegas de Mendez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 555 934

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Leticia Villegas de Mendez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to remand and dismissing her appeal of the order by the immigration judge (IJ) denying reopening of her *in absentia* removal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60175

proceeding.  For the following reasons, we will grant the petition and remand to the BIA.

In May 2003, the Immigration and Naturalization Service (INS) served Villegas de Mendez by mail with an ostensible notice to appear (NTA) charging removability for having stayed longer than her nonimmigrant B-2 visa allowed.  The NTA did not provide the date or time of the removal hearing but instead stated that a hearing would later be set.  Although the INS later served Villegas de Mendez with a notice of hearing, she failed to appear, and the IJ ordered her removed to Mexico because the INS had proved its charge against her.

In May 2017, Villegas de Mendez moved to reopen on the basis that she had not received notice of the scheduled hearing.  The IJ denied the motion on the basis that Villegas de Mendez failed to rebut the presumption that she had received the INS's properly mailed notices.  Before the BIA, Villegas de Mendez, citing *Pereira v. Sessions,* 138 S. Ct. 2105, 2110 (2018), urged that her NTA was defective because it did not specify the date and time of her hearing.

Additionally, Villegas de Mendez moved for remand to the IJ so that she might apply for cancellation of removal, and thus adjustment of status, available under 8 U.S.C. § 1229b(b)(1) to certain nonpermanent residents who have been continuously present in the United States for not less than 10 years immediately before seeking cancellation of removal and satisfy other statutory conditions.  The 10-year period of physical presence in the United States is deemed stopped or ended when the alien is served with a proper NTA under 8 U.S.C. § 1229(a).  *See* § 1229b(d)(1)(A).  Villegas de Mendez contended that she was prima facie eligible for that relief.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993).  But

2

the BIA concluded that she had been given proper notice because the notice of hearing cured the NTA's failure to state the date and time of her hearing.

After the briefs were filed in this court, the Supreme Court ruled that an NTA sufficient to trigger the stop-time rule must be a "single document containing all the information an individual needs to know about his removal hearing" specified in § 1229(a)(1). *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1478 (2021). The Court noted that § 1229(a) requires the document to "specif[y] several things," including "the nature of the proceedings against the alien, the legal authority for those proceedings, the charges against the alien, the fact that the alien may be represented by counsel, the time and place at which the proceedings will be held, and the consequences of failing to appear." *Id.* at 1479 (internal quotation marks and citation omitted); *see also* § 1229(a)(1)(A)-(G). *Niz-Chavez* allows for service of that "single compliant document" subsequent to service of an inadequate NTA. *See* 141 S. Ct. at 1485.

The NTA sent to Villegas de Mendez does not contain the information required to trigger the stop-time rule. *See id.* at 1478-79, 1485; *see also* § 1229(a)(1)(A)-(G). Neither does the subsequent notice of hearing sent to her. Thus, she did not receive the "single compliant document" required by statute. *Niz-Chavez*, 141 S. Ct. at 1485. The BIA consequently abused its discretion by committing an error of law. *See Koon v. United States*, 518 U.S. 81, 100 (1996); *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019); *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). Therefore, the petition for review is GRANTED and the case is REMANDED to the BIA for further consideration in light of *Niz-Chavez,* 141 S. Ct. 1474, and consistent with this judgment. The motion for stay, previously ordered carried with the case, is DENIED as moot.